**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MID-CONTINENT CASUALTY CO.**                                      **PLAINTIFF**

**V.                            CASE NO.  4:07CV01154 JMM**

**ANTHONY SULLIVAN d/b/a SULLIVAN
CUSTOM AGRI SERVICE**                                               **DEFENDANT/COUNTER
                                                                     PLAINTIFF**

**V.**

**GREG GASAWAY, LANCE GASAWAY and
CLINT GASAWAY**                                                     **DEFENDANTS**

**AND**

**MID-CONTINENT CAUSALTY CO.**                                      **PLAINTIFF**

**V.                            CASE NO.  4:07CV01155**

**ANTHONY SULLIVAN d/b/a SULLIVAN
CUSTOM AGRI SERVICE**                                               **DEFENDANT/COUNTER
                                                                     PLAINTIFF**

**V.**

**GREG DAY**                                                        **DEFENDANT**

**ORDER**

Pending before the Court are cross motions for summary judgment by Mid-Continent Casualty Company ("Mid-Continent") and Anthony Sullivan d/b/a Sullivan Custom Agri Service ("Sullivan").  (Docket #'s 15 and 21 in case no. 4:07CV1155)  For the reasons stated below the motion for summary judgment of Mid-Continent will be granted and the motion for summary judgment of Sullivan will be denied.

Mid-Continent initiated this lawsuit by filing a complaint for declaratory judgment that

no coverage exists for Sullivan for claims asserted by Gregg Day ("Day") in Lincoln County Circuit Court.  Sullivan counter-claimed for a declaration of coverage and both parties filed motions for summary judgment on their respective positions.

The underlying suit by Day against Sullivan seeks recovery for money damages for breach of contract.  Day operates a farming operation and Sullivan operates a custom fertilizing business.  Day hired Sullivan to apply fertilizer to his cotton crops in 2006.  The complaint alleges that the fertilizer was misapplied resulting in poor crop production and loss of revenue.

The parties agree that a commercial general liability policy was issued by Oklahoma Surety Company a subsidiary or affiliate of Mid-Continent Casualty to Anthony Sullivan d/b/a Sullivan Custom Agri Service, policy number 06-GL-000616581 with effective dates from 1/08/2006 to 1/08/2007.

Mid-Continent takes the position initially that the claims of Day against Sullivan do not fall within the coverage definition in the insuring agreement as either an "occurrence" or "property damage." Alternatively, and only if the Court does not adopt its argument on the coverage definition, Mid-Continent contends that Day's claims are specifically excluded under the policy.

If the insuring agreement clause defining coverage is the basis of an insurers denial of coverage, the burden is on the insured to prove their claim is covered.  *Southern Farm Bureau Cas. Ins. Co. v. Fields*, 262 Ark. 144, 553 S.W.2d 278 (1977); *Peoples Protective Life Ins. v. Smith*, 257 Ark. 76, 514 S.W.2d 400 (1974); *Carter v. Bush*, 296 Ark. 261, 266, 753 S.W.2d 534, 537 (1988).

If the insured has carried the burden of proving the insurance policy and the loss have

been met, the burden is then on insurer to show that the case falls within an exclusion to the contract by which insurer had indemnified insured against such a loss. *Life & Cas. Ins. Co. of Tenn. v. Barefield*, 187 Ark. 676, 679, 61 S.W.2d 698 (1933); *Standard Acc. Ins. Co. v. Christy*, 235 Ark. 415, 417, 360 S.W.2d 195, 196 (1962).

The pertinent policy language defining insured loss reads:

> SECTION 1- COVERAGES
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
> 1. Insuring Agreement.
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply . . . .
>
> b. This insurance applies to 'bodily injury' and 'property damage' only if:
>
> > (1) The 'bodily injury' or 'property damage' is cause by an 'occurrence' that takes place in the 'coverage territory'.

"Occurrence" is defined as

> 13.   Occurrence means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The term "accident" is not defined in the policy but has been defined by the Arkansas Supreme Court as "an event that takes place without one's foresight or expectation - an event that proceeds from an unknown cause, or is an unusual effect of a known cause, and therefore not expected." *See Continental Ins. Co. v. Hodges*, 259 Ark. 541, 534 S.W.2d 764 (1976).

Mid-Continent relies on the opinion of the Arkansas Supreme Court in *Essex Ins. Co. v.*

*Holder*, 370 Ark. 465, 261 S.W.3d 456 (2007) which held that "faulty workmanship is not an accident; instead it is a foreseeable occurrence, and performance bonds exist in the market place to insure the contractor against claims for the cost of repair or replacement of faulty work." The Arkansas Supreme Court specifically held "that defective workmanship, standing alone - resulting in damages only to the work product itself - is not an occurrence under a [commercial general liability] policy."

Mid-Continent argues that Day's claim against Sullivan is for poor workmanship in that he did not spread the fertilizer uniformly resulting in a loss of crop yield. The complaint only alleges a breach of contract and seeks recovery of economic damages for lack of production. There is no claim for injury to person or to the plants themselves.

Judge Eisele in *Nabholz Const. Corp. v. St. Paul Fire and Marine Ins. Co.*, 354 F. Supp. 2d 917, 922-23 (E.D.Ark. 2005) reached the same conclusion of no coverage for defective workmanship.

Sullivan attempts to distinguish these holdings as being limited to construction projects which he argues is different from the application of fertilizer. This Court sees no difference in the rationale for denying coverage even though the tasks being performed are decidedly different. Both situations involve the application of material to enhance a final product and a claim that defective workmanship in the application of the material resulted in a less than satisfactory result.

This Court finds that Day did not allege an "occurrence" as that term is defined in the policy in question and, therefore, there is no coverage for Day's claim against Sullivan.

Mid-Continent next contends that Sullivan has failed to meet his burden of showing that Day's theory of property damage is covered by the insuring agreement.

Property damage is defined in the policy as:

> 17. Property damage means:
>     (A) Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it.

Mid-Continent argues that Day's claim was limited to loss of revenue which is not "physical injury to tangible property" and not within the policy definition of "property damage."

Mid-Continent relies on the case of *Unigard Sec.Ins. Co. v. Murphy Oil USA, Inc.*, 331 Ark. 211, 962 S.W.2d 735 (1998) for the proposition that damages for breach of contract do not reflect a property damage claim as defined by commercial general liability policies.

This Court finds that the holding in *Unigard* is controlling in the instant case and that Day's claims do not meet the definition of "property damage" in the policy.

Having ruled that the insured has failed to meet his burden of proving that the claims against him invoked coverage under the insuring agreement it is not necessary to address the applicability of any of the exclusions on which Mid-Continent relies.

For these reasons, the motion for summary judgment of Mid-Continent Casualty Company, docket # 15, is granted. The motion for summary judgment of Anthony Sullivan, docket # 21 is denied.

IT IS SO ORDERED this 23rd day of December, 2008.

                                                      James M. Moody
                                                     United States District Judge